UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH SHELBY                                                                                       PLAINTIFF

V.                                                             CIVIL ACTION NO. 3:24-CV-483-DPJ-ASH

HINDS COUNTY, MISSISSIPPI, ET AL.                                                      DEFENDANTS

ORDER

Plaintiff Joseph Shelby has filed a motion to compel discovery in this First Amendment retaliation case. Mot. [40]. As explained below, the Court denies his motion.

I.    Facts and Procedural History

Shelby filed this lawsuit alleging he was terminated from his job as a Special Projects Officer (SPO) with Hinds County, Mississippi, in retaliation for supporting Supervisor Vern Gavin in his unsuccessful campaign for reelection. The undersigned held a telephonic case-management conference with the parties on July 8, 2025, and entered a case-management order on July 14, 2025. That order set a discovery deadline of January 23, 2026, and set the case on United States District Judge Daniel P. Jordan III's September 1, 2026 trial calendar. The case-management order has never been amended except as to the settlement conference setting.

On Friday January 9, 2026, Shelby's counsel contacted the Court to request a date for a telephonic discovery conference as required by Section 6.F.4. of the Case Management Order [25]. That Order requires a discovery conference with the Court as a prerequisite to filing any discovery motion: "Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion." Order [25] at 3. That conference was set for and took place three business days later, on Wednesday January 14, 2026. At the conference, "[t]he Court granted Plaintiff leave to file a motion to compel discovery regarding the specific topics

discussed and authorized during the conference." Jan. 14, 2026 Minute Entry. Shelby filed his motion to compel a week later on January 21, 2026. In it, he asks the Court to compel Defendants to produce a list of "PINs, names, and contact information for SPOs going back to 2001."[1] Mot. [40] at 2. Defendants responded in opposition to Shelby's motion, and Shelby filed a reply.

II.     Analysis

Shelby's motion runs afoul of a number of provisions of the Court's local rules. First, the motion (1) fails to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action" as required by Federal Rule of Civil Procedure 37(a)(1), and (2) omits the good faith certificate required by Local Rule 37(a). Shelby's attachment of email correspondence between counsel does not satisfy his obligations under Federal Rule 37(a)(1) or Local Rule 37(a), which are "mandatory prerequisite[s] to the consideration of a discovery motion." *Mills v. UPS Store, Inc.*, No. 3:19-CV-364-CWR-BWR, 2025 WL 525117, at *6 (S.D. Miss. Feb. 18, 2025). Shelby's failure to comply with these rules, standing alone, would justify denial of his motion. *See* L.U. Civ. R. 37(c) ("Failure to comply with subsections (a) or (b) of this rule will result in a denial of the motion without prejudice . . . .").

The next problem is that Shelby's motion is untimely. Under Local Rule 7(b)(2)(C), "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow

---

[1] Shelby explains that "Hinds County uses a system of PINs to keep track of the specific role individual employees fill. . . . [E]very employee of Hinds County has a PIN that is unique to that job. New employees in that role will have the same PIN as their predecessors." Mot. [40] at 1 (citation omitted). Shelby says data about the PINs is discoverable "because there are allegations about a former practice of transferring outgoing supervisors' SPOs like Shelby." *Id.* at 2.

2

response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." Shelby's motion was filed a mere two days before the discovery deadline and briefing did not conclude until two weeks after the discovery deadline, so "compliance with Local Rule 7(b)(2)(C) is impossible."[2] *Shumaker v. Alarsi*, No. 1:23-CV-4-SA-DAS, 2025 WL 3094228, at *2 (N.D. Miss. Nov. 5, 2025); *see* L.U. Civ. R. 7(b)(4) (setting deadline for responses to motions of "fourteen days after service of movant's motion" and permitting the filing of a reply "within seven days after the service of the respondent's response"). Once again, Shelby's noncompliance with Local Rule 7(b)(2)(C) would on its own justify denial of the motion.[3]

But the most serious failure—the one that affects the merits of his claim to relief—is Shelby's noncompliance with Local Rule 37(b). That rule requires "[m]otions raising issues concerning discovery propounded under [Federal Rules of Civil Procedure 33 (interrogatories) and 34 (requests for production) to] quote verbatim each interrogatory[ or] request for production . . . to which the motion is addressed." Shelby's motion fails to identify an interrogatory or request for production to which a list of "PINs, names, and contact information for SPOs going back to 2001" would be responsive. Mot. [40] at 2. And this matters, because Defendants are only required to respond to discovery requests that have been propounded. *See Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009) ("A party may move to compel production of materials that are within the scope of discovery *and have been requested* but not

---

[2] No party moved for an extension of the discovery deadline, and it and the dispositive-motion deadline have now expired.

[3] Even if Shelby had filed his motion on January 14—the day of the discovery conference—his motion would still be untimely because Defendants' response would not have been due until after the close of discovery.

received." (emphasis added)); Fed. R. Civ. P. 37(a)(3)(B) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to produce documents . . . as requested under Rule 34."). The Court cannot compel Defendants to produce something Shelby never asked for in discovery. And because Shelby failed to quote (or even reference or attach) the interrogatories or requests for production to which he thinks the PIN information is responsive, the Court cannot say on this record whether Shelby asked for that information in discovery. On the merits, then, Shelby has not shown that Defendants have failed to produce something they were required to under the discovery rules.

III.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Shelby's motion to compel [40] is denied.

**SO ORDERED AND ADJUDGED** this the 11th day of February, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE
